STATE, WILLIAM A. MOORE, PROSECUTOR, v. HART MOORE.

> If a tenant, after the expiration of a month's lease, holds over, without the assent of the landlord to his subsequent occupation, he is a trespasser, and not entitled to notice to quit as a tenant at will or from month to month.

On *certiorari.*

This writ brings up certain proceedings taken to dispossess a tenant under the landlord and tenant act. Judgment was rendered by the justice, in favor of the claimant, upon the verdict of a jury. The prosecutor seeks a reversal of this judgment.

Argued at June Term, 1879, before Justices SCUDDER, KNAPP and REED.

For the prosecutor, *C. T. Cowenhoven.*

For the defendant, *Mercer Beasley, Jr.*

The opinion of the court was delivered by

REED, J. The reasons for reversal are grounded upon jurisdictional defects alleged to be apparent in the affidavit of the claimant. The two reasons upon which reliance was placed at the hearing were—first, that the affidavit disclosed

the fact that the defendant was in the premises as a tenant at will, for the termination of which tenancy a three months' notice was necessary; and second, that if not a tenancy by will, it was a monthly tenancy, which entitled the tenant to a month's notice to quit. Upon inspection, the affidavit states the following facts, namely, that the deponent rented to Moore, the defendant, the premises in question, to hold the same from the 1st day of May, 1878, to the 1st day of June, 1878, at the rent of $2 per day and board for deponent and deponent's hired man, together with the use of the small stable and wagon-house upon the premises; that said Moore entered into possession by virtue of said agreement, which said term has expired, and the said Moore holds over and continues in possession of the said premises, without the permission of the said deponent; and that, on the 2d day of May, deponent made demand and gave notice in writing to the said Moore to deliver to deponent the possession thereof.

It appears that there was a renting for the period of one month, ending June 1st, 1878. It appears that from that time until May 1st, 1879, the date of the commencement of these proceedings by demand, the tenant was in possession.

Does the existence of this state of facts make the prosecutor a tenant at will or from month to month at any period subsequent to the end of the month's parol letting?

At the termination of his month's term, it was his duty to quit without notice. *Cobb* v. *Stokes*, 8 *East* 358. *Decker* v. *Adams*, 7 *Halst.* 99; *Horner* v. *Leeds*, 1 *Dutcher* 106. This rule was not controverted by the prosecutor, but the contention was that by the fact alone of his having held over for eleven months the tenant had secured a position which entitled him to a notice of either one or three months.

It is obvious that the mere fact of holding over could confer no such privilege, because the admission of such a result would sweep away the doctrine of tenancy by sufferance, which tenancy is terminable without notice. By such holding over he has only a naked possession. He holds by the laches of the landlord, and is not in privity with the landlord,

and the latter party can determine the tenancy whenever he pleases, without notice.

It requires an assent on the part of the landlord to the subsequent occupation of the tenant to raise a relation between him and the tenant which confers upon the latter the right of compelling notification from the landlord.

The consent may be either express or implied, actual or constructive; by words or some act treating him as a tenant. The mere unbroken silence and inaction of the owner will not improve or enlarge the character of the tenant's possession. *Decker* v. *Adams, supra.*

There is in the affidavit in the present case not only an absence of the statement of any word or act indicating such an assent, but there is an express statement that the tenant held over without the permission of the landlord.

The tenant was not entitled to notice, either as a tenant at will or by the month, and the judgment should be affirmed, with costs.